Dennis Lee **MOLDREM**, Appellant,

v.

**STONE CONTAINER CORPORATION and Innovative Industries, Inc.,** Appellees.

No. 90–5511SD.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1991.

Decided July 30, 1991.

Rehearing Denied Sept. 9, 1991.

Gary R. Wolberg, Bismarck, N.D., argued (John B. Wehde, Huron, S.D., on brief), for appellant.

Arlo Sommervold, Steven W. Sanford, Sioux Falls, S.D., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Appellant Moldrem, an employee of Huron Dressed Beef in Huron, S.D., was seriously injured when a bundle of flattened boxes (weighing about 290 pounds) fell on

him as he was unloading them from a trailer with a forklift having no protective cage. Moldrem sued Stone Container Corporation (a Delaware corporation which manufactured the boxes at Sioux Falls) and Innovative Industries (a Minnesota corporation which operated a warehouse in Huron known as Dakota Warehouse where the boxes were stored until needed by the beef company) alleging strict products liability and negligence against both defendants. The District Court[1] granted defendants' motions for summary judgment.[2] We affirm.

The usual course of business was for Moldrem (who among other capacities was purchasing agent for the beef company) to order boxes needed for shipping meat. The boxes were designed and manufactured by Stone. Stone fastened them into bundles by plastic strips, and shipped them by carrier to Dakota Warehouse where the bundles were stored on pallets until needed by the beef company. Then they were delivered by Innovative Industries to the meat plant where they were unloaded by Moldrem. He knew how they were arranged for shipping. On prior occasions bundles had fallen off but Moldrem was protected by the protective cage on the forklift. Moldrem knew that the forklift he was using had no protective cage, but the forklift equipped for outside use was being repaired and not available on the day he was injured.

As the District Court noted, Moldrem's employer's failure to provide a forklift with protective cage as required by OSHA was an intervening cause, and Moldrem's actions in unloading the boxes constituted assumption of risk. Innovative was not a seller, and Moldrem knew its methods of

* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Honorable John B. Jones, District Judge for the District of South Dakota, Southern Division.

2. In view of the District Court's rulings it treated as moot a motion by plaintiff to add a breach of contract claim to the complaint. Plaintiff also asserted a claim that Stone was vicariously lia-

ble for acts of Innovative Industries as being Stone's agent. The Court held that the undisputed evidence clearly established that Innovative Industries was an independent warehouseman and that operations of the Dakota Warehouse were not controlled by Stone. The District Court's rulings being on questions of law, the standard of review is plenary. We independently find the District Court's decisions to be correct.

storing and delivering the bundles of boxes. Lack of warning on the bundles was immaterial in view of Moldrem's knowledge and experience.

The District Court correctly gave judgment for the defendants on both claims (as well as the agency claim and in holding the breach of warranty motion moot).

Accordingly, the judgment of the District Court is AFFIRMED.